UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

HUEY P. GARDNER                                    CIVIL ACTION NO. 14-cv-0455

VERSUS                                             JUDGE FOOTE

LOUISIANA STATE UNIVERSITY, ET AL    MAGISTRATE JUDGE HORNSBY

## REPORT AND RECOMMENDATION

**Introduction**

This is one of 10 civil actions Huey Gardner ("Plaintiff") has filed with this court in less than 24 months. His prior suits, with the exception of the recently filed companion case Gardner v. Shreve Memorial Library, 14-cv-456, have been dismissed or are pending a recommendation of dismissal. Most of his suits have related to an arrest for trespassing, an arrest after an encounter with a security officer at the Caddo Parish Courthouse, or dissatisfaction with matters at the Caddo Correctional Center. Plaintiff has also filed meritless motions that demanded he be allowed to enter the federal courthouse without showing identification and while possessing a cell phone. For the reasons that follow, it is recommended that (1) this case be dismissed for lack of jurisdiction and (2) Plaintiff not be allowed to file any new complaints unless first authorized by a district judge.

**Reasons for Dismissal**

Plaintiff initiated this action by filing a Motion for Injunctive Relief in which he complains that campus police at LSU-S have twice arrested him for criminal trespass in

violation of La. R.S. 14:63.  Plaintiff alleges that after his first arrest in February 2011, he was erroneously convicted but received an order from the Caddo Parish court that vacated the conviction.  A copy of the order was filed in 13-cv-582.  The judge did sign and date an "Order to Vacate Judgment" submitted by Plaintiff, but he drew a line through the language that would grant the motion to vacate and wrote, instead, "Denied." Plaintiff has apparently misinterpreted the order. Plaintiff reports that he was also arrested at LSU-S for criminal trespass in February 2014 even though he told the police officer that a court had vacated a similar conviction.  Plaintiff asks the court to order LSU-S and its campus police to stop attempting to bar Plaintiff from the campus.  Plaintiff argues that the Louisiana criminal trespass statute does not apply to such public property because "it clearly states 'private property' in the statute."

There is no apparent basis for federal subject matter jurisdiction. There is no diversity of citizenship as required by 28 U.S.C. § 1332, and Plaintiff has not presented a federal question that would give rise to jurisdiction under § 1331.  His request is that the court interpret a state statute, which is a matter of state rather than federal law.

Even if Plaintiff's complaint were construed as a constitutional attack on his arrest, the Younger abstention doctrine requires the federal courts to decline to exercise jurisdiction over law suits when (1) the federal proceeding would interfere with an ongoing state judicial proceeding, (2) the state has an important interest in regulating the subject matter of the claim, and (3) the plaintiff has an adequate opportunity in the state proceedings to raise constitutional challenges. Bice v. Louisiana Public Defender Board, 677 F.3d 712, 716 (5th

Cir. 2012). More simply, "federal courts must refrain from considering a request for injunctive relief based upon constitutional challenges to state criminal proceedings pending at the time the federal action is instituted. Texas Association of Business v. Earle, 388 F.3d 515, 518 (5th Cir. 2004).

Plaintiff's request for an injunction falls within the scope of Younger. He is currently charged in state court with criminal trespass, Louisiana has an important interest in enforcing its criminal laws, and Plaintiff will have ample opportunity to raise any constitutional or any other challenges within the state court trial and appellate procedural system.

Dismissal is recommended without the need to address the merits of Plaintiff's argument, but it is worth noting that Plaintiff is wrong when he says that La. R.S. 14:63 clearly states that it applies only to "private property." Those words do not appear anywhere in the statute. The statute does state: "No person shall enter upon immovable property owned by another without express, legal, or implied authorization." Another section prohibits a person from remaining on property owned by another without proper authorization. Louisiana courts have upheld a conviction under the statute for a person who trespassed on the grounds of a public school. State ex. rel. C. J., 63 So. 3d 1133 (La. App. 4th Cir. 2011). Plaintiff apparently takes the position, based on his request in this and the related library case, that he is free to enter any public school, courthouse, library, or other public facility despite being banned for misbehavior or other reasons. That is not the law. Government institutions are allowed to set rules for their buildings and grounds and exclude trespassers if needed.

**Sanctions Recommended**

This is the third Report and Recommendation issued by the undersigned in recent weeks in a meritless case filed by Plaintiff. Plaintiff has also filed a number of motions within his ten cases that have consumed much time and attention of district judges, magistrate judges, and docket clerks. Every paper filed with a court, no matter how repetitious or frivolous, requires some portion of the court's limited resources. A part of the court's responsibility is to see that those resources are allocated in a way that promotes the interests of justice. Martin v. Dist. of Columbia Court of Appeals, 113 S.Ct. 397, 398 (1992).

It is evident that Plaintiff has abused the privilege that the court has afforded him of filing civil actions without payment of the filing fee. The judges and staff of the court and clerk's office have spent numerous hours resolving Plaintiff's several civil actions that he has filed thus far. Allowing Plaintiff to continue to consume the resources of the court and the community with frivolous filings delays justice for other citizens who have legitimate business before the court and does not promote the interests of justice. A sanction adequate to deter such waste is in order.

A court "may structure sanctions necessary or warranted to control its docket and maintain the orderly administration of justice." Goldgar v. Office of Administration, 26 F.3d 32, 36 n. 3 (5th Cir. 1994). Among the available sanctions is a requirement that a litigant "obtain judicial pre-approval of all future filings" or a prohibition against any more in forma pauperis actions without a certification of good faith from the court. Id.; and Prewitt v. Alexander, 173 F.R.D. 438, 442-44 (N.D. Miss. 1996). Judges in this division have

occasionally ordered such sanctions when they were found to be the only way to stop a persistent filer of frivolous litigation. See, e.g. <u>Raz v. Storey</u>, 99 CV 1850, Doc. 282; <u>Simmons v. Malone</u>, 06 CV 200, Docs 12 and 19; <u>Blackwell v. Overton Brooks Medical Center</u>, 05 CV 415, Docs. 19 and 20; <u>Johnson v. Graves</u>, 07 CV 0221, Docs. 5 and 7; and <u>Felknor v. Felknor</u>, 10 CV 1020, Docs. 4 and 7. The sanctions order in each of those cases ended a string of frivolous actions filed by a pro se plaintiff who had needlessly wasted hundreds of hours of work by judges, deputy clerks of court, and chambers employees.

Similar action is appropriate in this case to avoid more resources being wasted due to Plaintiff filing additional frivolous complaints. He will almost certainly continue to do so absent strong preventive measures. The circumstances before the court—ten civil actions filed in forma pauperis in less than two years, all of them found to lack merit—warrant an order that the Clerk of Court not file any civil complaint submitted by Plaintiff unless the complaint has been presented first to a district judge of this court and the judge has specifically authorized in writing that the complaint may be filed. Any motion to proceed in forma pauperis that accompanies such a complaint must also be directed to a district judge for action. These measures will protect the resources of the judiciary and the public without unduly burdening Plaintiff's ability to access the courts if he should ever have a good faith complaint worthy of the expenditure of such resources. There is no reasonable basis to believe that a less harsh sanction will have an adequate deterrent effect.

Accordingly;

**IT IS RECOMMENDED** that Plaintiff's complaint be dismissed without prejudice for lack of subject matter jurisdiction.

**IT IS FURTHER RECOMMENDED** that the Clerk of Court be ordered to decline to file any civil complaint submitted by Huey Gardner unless the complaint has been presented first to a district judge of this court and the judge has specifically authorized in writing that the complaint may be filed.  It is also recommended that any motion to proceed in forma pauperis that accompanies such a complaint be referred to a district judge for action.

### Objections

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this report and recommendation to file specific, written objections with the Clerk of Court, unless an extension of time is granted under Fed. R. Civ. P. 6(b).  A party may respond to another party's objections within seven (7) days after being served with a copy thereof.  Counsel are directed to furnish a courtesy copy of any objections or responses to the District Judge at the time of filing.

A party's failure to file written objections to the proposed findings, conclusions and recommendation set forth above, within 14 days after being served with a copy, shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court. See Douglass v. U.S.A.A., 79 F.3d 1415 (5th Cir. 1996) (en banc).

THUS DONE AND SIGNED in Shreveport, Louisiana, this 5th day of March, 2014.

Mark L. Hornsby
U.S. Magistrate Judge